IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Fields, <br><br> Petitioner, <br><br> v. <br><br> United States Department of Justice; Federal Bureau of Prisons, <br><br> Respondents. | C/A No. 0:19-1300-MGL-PJG <br><br><br> **ORDER AND** <br> **REPORT AND RECOMMENDATION** |

The petitioner, John Fields, a self-represented federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss or, in the alternative, motion for summary judgment. (ECF No. 8.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (ECF No. 10.) Petitioner filed a response in opposition to the motion. (ECF No. 12.) Having reviewed the record presented and the applicable law, the court finds Respondent's motion should be granted.[1]

---

[1] Respondent indicates that the proper respondent in a § 2241 petition is the warden of the facility where the petitioner is being held—in this case, T. Bragg. See 28 U.S.C. §§ 2242, 2243; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) ("[I]n habeas challenges to present physical confinement–'core challenges'–the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]"); Rules Governing Section 2254 Cases 2(a). The Clerk of Court is directed to substitute "T. Bragg, Warden of FCI Bennettsville" as the respondent in this action, and terminate the currently named respondents.

PJG

## BACKGROUND

The following facts are either undisputed, or are taken in the light most favorable to Petitioner, to the extent they find support in the record. Petitioner is an inmate at the Federal Correctional Institution ("FCI") Bennettsville, South Carolina.[2] (Johnson Decl. ¶ 4, Resp't's Mot., ECF No. 8-1 at 1.) Petitioner is serving a ninety-two month sentence imposed by the United States District Court for the Eastern District of Tennessee in March 2016. (Id. ¶ 8, ECF No. 8-1 at 2.)

Prior to his federal sentence, in April 2015, Petitioner was arrested for three driving-related offenses and contempt of court in Hamblin County, Tennessee. (Pet., ECF No. 1-2 at 1.) On April 16, 2015, the Hamblin County Court of General Sessions sentenced Petitioner to serve twelve days in jail, with credit for time served, and placed him on six months' probation for each offense, to run consecutively. (Id.)

On July 19, 2015, Petitioner was again arrested for driving-related offenses and contempt, but also for a drug offense. (Id., ECF No. 1-1 at 2, ECF No. 1-2 at 4.) On July 22, 2015, the United States Department of Justice filed a detainer with the Hamblin County Jail, notifying the jail officials that Petitioner would be charged with a federal drug offense within forty-eight hours. (Id., ECF No. 1-2 at 3.) On July 23, 2015, the Hamblin County Court of General Sessions sentenced Petitioner to serve eight days in jail for the July 19 charges, with credit for time served, and also placed him on six months' probation. (Id., ECF No. 1-1 at 2, ECF No. 1-2 at 4.) Also, the Court of General Sessions revoked probation as to the one charge from April for which he was currently serving probation; ordered Petitioner to serve thirty days in jail, with credit for time served; and ordered six

---

[2] On October 2, 2019, Petitioner notified the court that he has been reassigned to a different federal facility and that he would notify the court upon his arrival at the new facility. (ECF No. 15.) As of the date of this order, the court has not received notice of Petitioner's new location.



more months of probation as to that charge, to run consecutively to the other sentences of probation already imposed. (Id., ECF No. 1-1 at 2, ECF No. 1-2 at 4-5.)

According to Petitioner, the July 23 jail sentences would allow him to be released from state custody in thirty-eight days, or on August 26, 2015. (Id., ECF No. 1-1 at 2.) However, the Hamblin County Jail released Petitioner to the United States Marshals Service pursuant to a federal writ on August 21, 2015. (Johnson Decl. ¶ 7, ECF No. 8-1 at 2.) The Eastern District of Tennessee sentenced Petitioner to ninety-two months' imprisonment on March 14, 2016. (Id. ¶ 8.) That day, Petitioner was returned to state custody. (Id. ¶ 9.) On March 16, 2016, the Hamblin County Court of General Sessions issued an arrest warrant based on Petitioner's violation of his conditions of probation. (Pet., ECF No. 1-2 at 6.) On March 31, 2016, the Court of General Sessions sentenced Petitioner to serve eleven months and twenty-nine days in jail for the probation violation, and additionally, to serve four more terms of six months in jail, all to run consecutively with each other, but concurrently with his federal sentence. (Id. at 7.) But, the Court of General Sessions suspended those sentences based on time Petitioner served in jail. (Id.) On April 14, 2016, Petitioner was released to federal custody to commence his federal sentence. (Johnson Decl. ¶ 11, ECF No. 8-1 at 2.)

On March 8, 2018, Petitioner filed an informal grievance with the Bureau of Prisons ("BOP"), claiming that the BOP failed to give him credit for the jail time he served from August 31, 2015 to May 6, 2016. (Pet., ECF No. 1-2 at 8.) The BOP responded that during that time, Petitioner was held by the State of Tennessee on pending state charges of violating probation, and consequently, his federal sentence did not begin to run until Petitioner was sentenced to time served

PJG

by the Hamblin County Court of General Sessions on March 31, 2016.[3] (Id. at 9.) Petitioner continued to raise this issue with the BOP by filing a request for an administrative remedy, but that request and Petitioner's subsequent appeals were rejected by the BOP for the same reason—that Petitioner was in state custody during the time for which he claims he should be credited for time served. (Id. at 10-18.)

Petitioner now files this petition for a writ of habeas corpus pursuant 28 U.S.C. § 2241, arguing the BOP is incorrectly calculating his sentence by not giving him credit for the time he served in the Hamblin County Jail from August 26, 2015 to May 5, 2016. (Id., ECF No. 1-1 at 1.) Specifically, Petition argues that the thirty-eight-day sentence imposed by the Hamblin County Court of General Sessions on July 23, 2015 would have ended on August 25, 2015 while Petitioner was in federal custody, and accordingly, the BOP should consider August 26, 2015 to be the day his federal sentence commenced. (Id. at 2.)

**DISCUSSION**

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

---

[3] The BOP also noted that the Eastern District of Tennessee did not order that Petitioner's federal sentence run concurrently with his state sentence.



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28

PJG

U.S.C. § 2255, while a petition for habeas corpus under § 2241 is generally the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

**C.      Respondent's Motion**

Respondent argues summary judgment is appropriate because the BOP properly calculated Petitioner's sentence in denying Petitioner's request for an administrative remedy. The BOP has the authority to execute sentences and compute jail time, which includes computing pre-sentence credits and determining the sentence termination date. United States v. Wilson, 503 U.S. 329, 333-35 (1992). The BOP considers an inmate's request for a presentence credit toward a federal sentence for time spent in service of a state sentence as a request for a *nunc pro tunc* designation. See Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); (see also ECF No. 8-1 at 46.) An inmate who is not in federal custody may have his federal sentence commence the date it is imposed if the BOP grants a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b), which allows the non-federal facility to serve as a place for service of the federal sentence. United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998). Section 3621(b) provides the following factors for consideration: (1) the resources of the non-federal facility; (2) the nature and circumstances of the offense; (3) the history and characteristics of the inmate; (4) any statement by the court that imposed the sentence; (5) any pertinent policy statement issued by the Sentencing Commission. Granting or denying a *nunc pro tunc* designation is within the discretion of the BOP. See Barden, 921 F.2d at 478; see also Mangum v. Hallembaek, 824 F.3d 98, 101 (4th Cir. 2016).

PJG

Here, Petitioner argues his state sentence ended on August 25, 2015 while he was in federal custody. "A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (citing Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)). Respondent provides a declaration from J.R. Johnson, a Correctional Program Specialist at the BOP's Designation and Sentence Computation Center, who declares that following the suspension of Petitioner's July 23, 2015 sentence, he "was held in Tennessee state custody pending state probation violations." (Johnson Decl. ¶¶ 1, 6, ECF No. 8-1 at 1-2.) Johnson also declares that when state authorities released Petitioner to the United States Marshals Service, Petitioner was released pursuant to a federal writ, and returned to state authorities following Petitioner's federal sentencing proceeding. (Id. ¶¶ 7, 9.) Johnson's declaration is consistent with the BOP's responses to, and denials of, Petitioner's request for an administrative remedy, which indicated that at the time Petitioner was released to federal custody, he remained under the primary custody of Tennessee state authorities based on pending state probation violations. (Pet., ECF No. 1-2 at 16.) Thus, Respondent has put forth evidence that indicates the Tennessee authorities never relinquished primary jurisdiction over Petitioner while he was in federal custody, awaiting federal sentencing.

Petitioner has not refuted this evidence. Although Petitioner provides a declaration in which he claims that his state sentence expired on August 25, 2015; that from August 26, 2015 onward, he was on probation for his state sentences; and that the only reason for his continued detention was that

he was in the custody of the United States Marshals Service, (Fields Decl. ¶¶ 5-9, ECF No. 12-2 at 1), he fails to point to any evidence showing that Tennessee ever relinquished primary jurisdiction. Therefore, Petitioner fails to show that the BOP abused its discretion when considering Petitioner's request for a *nunc pro tunc* designation, and he fails to show that he is entitled to relief pursuant to § 2241.

## RECOMMENDATION

Based on the foregoing, the court recommends that Respondent's motion for summary judgment be granted. (ECF No. 8.)

October 17, 2019
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).